UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re MICHAEL AND DANIELLE MCGEE,

    Debtors,
_____/

CITY OF FLINT,

    Plaintiff/Appellant,

v.

CARL L. BEKOFSKE,

    Defendant/Appellee.
_____/

Case No. 08-14362
Honorable Patrick J. Duggan

Bankruptcy No. 08-30349
Adversary Proceeding No. 08-03073

## OPINION AND ORDER

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on March 18, 2009.

PRESENT:    THE HONORABLE PATRICK J. DUGGAN
                    U.S. DISTRICT COURT JUDGE

This matter is before the Court as an appeal from the United States Bankruptcy Court for the Eastern District of Michigan. Plaintiff-Appellant, the City of Flint ("City"), appeals the Honorable Daniel S. Opperman's October 1, 2008 decision denying the City's motion for summary disposition in an adversary proceeding filed in the Chapter 13 bankruptcy proceeding of Debtors Michael and Danielle McGee. The matter has been fully briefed and, on March 17, 2009, this Court issued a notice informing the parties that

it is dispensing with oral argument with respect to the matter pursuant to Eastern District of Michigan Local Rule 7.1(e)(2).

**I.       Standard of Review**

The bankruptcy court's findings of fact are reviewed under the clearly erroneous standard. *In re Eastown Auto Co.*, 215 B.R. 960, 963 (B.A.P. 6th Cir. 1998) (citing Fed. R. Bankr. P. 8013). The bankruptcy court's conclusions of law are reviewed de novo. *Id.* at 964 (citing *Nicholson v. Isaacman*, 23 F.3d 629 (6th Cir. 1994)). The parties to this matter agree that there are no disputed issues of fact and that the Court only is confronted with a question of law. Therefore, the bankruptcy court's findings are presumed to be correct and are incorporated in the following factual background section.

**II.      Factual and Procedural Background**

On January 31, 2008, Michael and Danielle McGee ("Debtors") filed their voluntary petition under Chapter 13 of the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of Michigan. In their schedules, the Debtors indicated that they did not have any interest in any real property or any creditors holding secured claims. On their list of unsecured creditors, Debtors listed the City as an unsecured creditor for "service" for $104.00. With the filing of their petition, Debtors also filed a proposed Chapter 13 plan.

The proposed (and subsequently confirmed) plan contained the following language:

> The assisted person has stated the value of the collateral as

> listed above. If a secured creditor claimed a different value, interest rate, or monthly payment, then the creditor **MUST TIMELY OBJECT TO THE CONFIRMATION OF THIS PLAN, AND THE VALUE AND/OR INTEREST RATE DISPUTE WILL BE LITIGATED AND DECIDED AS PART OF THE CONFIRMATION HEARING**. Failure to timely object to the confirmation of this plan shall be deemed to be an acceptance of this plan's statement of claim terms. This is notice that the confirmation hearing shall include a hearing on all terms of your secured claim.

(A.R. 9 at 4 (emphasis in original).) The plan continued with respect to the classification of claims:

> Although in your opinion, your claim is a secured claim, it may nonetheless be classified as an unsecured claim, and be treated as such. **IT IS THE ASSISTED PERSON'S INTENT TO PROVIDE FOR EVERY CLAIM UNLESS SPECIFICALLY STATED OTHERWISE. UNLESS YOUR CLAIM IS SET FORTH SPECIFICALLY IN THIS PLAN AS A SECURED CLAIM, THE ASSISTED PERSON IS PURPOSEFULLY CLASSIFYING YOUR CLAIM AS UNSECURED DESPITE YOUR BELIEF THAT IT IS A SECURED CLAIM. ACCORDINGLY, YOU MUST EITHER TIMELY OBJECT TO CONFIRMATION OF THIS PLAN OR BEE [SIC] DEEMED TO HAVE ACCEPTED THIS PLAN'S TREATMENT OF YOUR CLAIM AS PROVIDED HEREIN**.

(*Id.* (emphasis in original).) The Debtors' proposed plan listed no secured creditors. (*Id.* at 3-4.)

The proposed plan was served on all creditors, including the City, on January 31, 2008. (*In re McGee*, Case No. 08-30349, Doc. 9.) A confirmation hearing was scheduled for April 15, 2008, and notice of the hearing and any other relevant dates in the Debtors'

3

Chapter 13 matter were sent to all interested parties, including the City. (*Id*. Docs. 13 and 14.) The City did not file an objection to the plan but instead, on March 25, 2008, filed a proof of claim identifying a secured claim in the amount of $169.87 for a water bill, an unsecured claim in the amount of $446.54 for income tax, and an administrative claim in the amount of $100 for continued water service. (A.R. 7.) On April 25, 2008, United States Bankruptcy Court Judge Opperman issued an order confirming the plan. (*Id*. 12.)

On May 1, 2008, the City filed a "Motion to Correctly List City of Flint Claim" in the Chapter 13 proceeding. (*Id*. 10.) In this motion, the City asked the bankruptcy court to list its water claim of $169.87 as a secured claim. The Trustee responded to the motion on May 13, 2008, indicating that, although the City's proof of claim listed $169.87 as secured debt, he was paying the City as an unsecured claim based on the Debtor's confirmed plan. (*Id*. 11.)

In the meantime, the City commenced an adversary proceeding against the Trustee on May 1, 2008, seeking a declaratory judgment that the Trustee erred in designating the City as an unsecured creditor. (A.R. 1.) The City thereafter filed a motion for summary judgment, to which the Trustee responded. (*Id*. 3-6.) Judge Opperman conducted a hearing with respect to the City's motion on September 30, 2008, and denied the motion on the record. (*Id*. 13.) The City subsequently filed the pending appeal.

## III.     Argument and Analysis

In this appeal, the City contends that the bankruptcy court erred in relying on the Chapter 13 plan to designate its water claim as unsecured.  The City maintains that its water claim is secured and that its proof of claim identifying the claim as secured constituted *prima facie* evidence of that fact.  The City argues that an interested party disputing that its claim was secured had to file a timely written objection to its proof of claim.  As the City notes, no objections to its claim were filed.  The City further argues that the statements in the Chapter 13 plan indicating that its claim would be treated as unsecured and that the City had to object to the plan if it disagreed, failed to afford it due process.

The Trustee responds that the confirmation process for the Debtors' Chapter 13 plan, not the claims process, controls how a claim of a creditor is treated under the plan. Thus, if an interested party objects to the treatment of its claim in the plan, it must file a timely objection to confirmation or be deemed to have consented to confirmation of the plan.  The Trustee argues that because the City failed to file an objection to confirmation, it is deemed to have accepted the plan.  With respect to the City's due process argument, the Trustee answers that the bankruptcy court clerk served the City with a copy of the Chapter 13 plan and a "Notice of Chapter 13 Bankruptcy Case, Meeting of Creditors, and Deadlines"– known as a B9I form– listing the relevant dates in the matter and informing interested parties that they "may object to confirmation of the plan and appear at the confirmation hearing."  This, the Trustee maintains, complies with the federal and local

bankruptcy rules and satisfies the requirements of the Due Process Clause.

Judge Opperman did not err in concluding that the confirmed Chapter 13 plan was binding on the parties, specifically its classification of the City's claim as wholly unsecured. 11 U.S.C. § 1327(a) provides: "The provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan." Thus an order confirming a Chapter 13 plan is deemed to "'bar relitigation of any issues raised or that could have been raised in the confirmation proceedings.'" *In re Welch*, No. 97-5080, 1998 WL 773999, at *3 (6th Cir. Oct. 11, 1998) (unpublished opinion) (quoting *In re Chattanooga Wholesale Antiques, Inc.*, 930 F.2d 458, 463 (6th Cir. 1991)). As the City failed to object to the Debtors' Chapter 13 plan, which classified its claim as unsecured, and the plan was confirmed, that determination now is binding.

The City's filing of its proof of claim does not alter this result. Absent an objection to the claim, the City's proof of claim only provided *prima facie* evidence of the amount of its claim and the validity of the claim:

> The claims allowance process gives prima facie proof only to the amount of the entire claim, which may be fully secured, undersecured, or entirely unsecured. The claims allowance process also mandates that the entire claim is valid and that any security interest is valid. *However, the claims allowance process does not determine the amount of the secured portion of a claim under § 506(a).*

*In re Hudson*, 260 B.R. 421, 436 (W.D. Mich. 2001) (citations omitted) (emphasis in original); *see also In re Hill*, 304 B.R. 800, 804 (S.D. Ohio 2003) (concluding that the

6

terms of a confirmed Chapter 13 plan classifying the debtors' second mortgage as wholly unsecured was binding on the bank, despite the bank's filing of a proof of claim asserting a security interest in the debtors' principal residence).  Thus the City's proof of claim, to which there was no objection, only established the validity of its claim in the total amount of $716.41.  It did not establish that a portion of the claim was secured.

With respect to the City's due process argument, the City maintains that the United States Bankruptcy Court for the Eastern District of Michigan does not serve creditors with copies of the Chapter 13 plans in many cases.  (Reply at 1.)  The City acknowledges, however, that it was served with a copy of the plan *in this case*.  Thus the only due process concern presented in this case is whether service of the plan and the B9I form was adequate to provide the City with notice of the pendency of the action and an opportunity to present its objections.  *See Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314-15, 70 S. Ct. 652, 657  (1950).  As the notice provided in the bankruptcy proceedings was in accordance with the Bankruptcy Rules, the Court concludes that it provided adequate and timely notice to satisfy the City's right to due process.  *See In re Hudson*, 260 B.R. 421, 439-443 (W.D. Mich. 2001) (discussing the notice requirements under the Bankruptcy Rules and concluding that compliance with those rules results in adequate notice).

**IV.    Conclusion**

For the above reasons, the Court holds that the Judge Opperman did not err in concluding that the City's claim was unsecured based on the provisions of the Debtors'

confirmed Chapter 13 plan. Thus the Court affirms the bankruptcy court's decision.

**SO ORDERED.**

                s/PATRICK J. DUGGAN
                UNITED STATES DISTRICT JUDGE

Copies to:
Douglas M. Philpott, Esq.
Carl L. Bekofske, Esq.
Hon. Daniel S. Opperman